**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0002286
10-SEP-2014
07:44 AM**

NO. CAAP-13-0002286

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

THE DEPARTMENT OF HUMAN SERVICES, STATE OF HAWAI'I,
Appellant-Appellee,
v.
CHRISTOPHER F. CARROLL,
Appellee-Appellant,
and
PATRICIA MCMANAMAN, DIRECTOR OF THE DEPARTMENT OF
HUMAN SERVICES, STATE OF HAWAI'I,
Appellee-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 11-1-0500(3))

MEMORANDUM OPINION
(By: Foley, Presiding J. and Leonard, J.
with Reifurth, J. concurring separately)

This appeal arises from Appellant/Appellee State of
Hawai'i Department of Human Services' (**DHS**) confirmation of
psychological abuse against Client A by Appellee/Appellant
Christopher F. Carroll (**Carroll**), Client A's husband. On July
12, 2011, the Administrative Appeals Office of the Department of
Human Services (**Appeals Office**) determined DHS' confirmation of
psychological abuse was incorrect and dismissed the action
(**Administrative Decision**). On March 14, 2013, the Circuit Court
of the Second Circuit[1] (**circuit court**) entered its "Order
Reversing Administrative Hearing Decision and Remanding for
Further Proceedings" and on April 17, 2013, entered Judgment in

---

[1] The Honorable Joseph E. Cardoza presided.

favor of DHS and against Carroll. Carroll appealed the Judgment to this court on July 23, 2013.

On appeal, Carroll contends the circuit court erred by:

(1) reversing the Administrative Decision because there was no prejudice to substantial rights of DHS and the decision was not clearly erroneous in view of the reliable, probative, and substantial evidence in the whole record;

(2) relying on facts not in evidence;

(3) concluding the Administrative Decision erroneously relied on a June 7, 2011 order by the Family Court of the Second Circuit (**family court**) that also involved alleged abuse of Client A by Carroll (**FC Order**);

(4) concluding the FC Order did not have a preclusive effect on the present claim of abuse;

(5) reviewing the Administrative Decision under the wrong standard of review;

(6) concluding the administrative record supported the determination that Client A was a vulnerable adult.

## I. BACKGROUND

On October 2, 2009, DHS confirmed[2] psychological abuse by Carroll against Client A. The confirmation was based on a September 10, 2009 Report Form for Adult Abuse and Neglect (**September Report**), which was "completed by a professional (the confidential reporter) who was trained to identify clearly observable indications of abuse or neglect between family members and to take necessary action to prevent further harm to members of that family." On August 30, 2010, DHS sent Carroll a "Notice of Disposition" informing him of the confirmation of psychological abuse. DHS also provided notice that same day, that under HAR § 17-1421-15 (2009), Client A "no longer requires protective services." Carroll requested an administrative hearing to challenge DHS' confirmation of psychological abuse on November 16, 2010.

---

[2] Confirmed "means that an investigation conducted by the department revealed reasonable cause to believe that vulnerable adult abuse had occurred." Hawaii Administrative Rules (HAR) § 17-1421-2 (2009).

2

### 1. Appeals Office Proceedings

The issue before the Appeals Office was whether DHS "properly confirmed psychological abuse of a [45-year-old] vulnerable adult by her husband, [Carroll], as alleged in the DHS [September Report]." Hearings were held on January 27, 2011, February 24, 2011, March 17, 2011, April 20, 2011, May 24, 2011, and June 28, 2011.

### 2. Family Court Proceedings and Decision

On March 9, 2011, while the Appeals Office proceedings were underway, DHS filed an "Ex Parte Application for Immediate Protection" (**Petition for Protection**) per Hawaii Revised Statutes (**HRS**) § 346-231 (Supp. 2013), for Client A, the alleged vulnerable adult.[3] The application provided there was probable cause to believe Client A was a vulnerable adult, and had incurred abuse or was in danger of abuse, within the meaning of HRS § 346-222, based on "the facts stated in the Report to the [family court] dated February 28, 2011" (**February Report**) (Emphasis added.) The application did not reference the September Report of psychological abuse that was confirmed by DHS and under review by the Appeals Office. The application provided that Client A "does not consent to these proceedings, however, there is probable cause to believe that the subject lacks the capacity to effectively make decisions concerning her person by

---

[3]   HRS § 346-222 (Supp. 2013) provides:

§346-222 Definitions.

. . . .

"Vulnerable adult" means a person eighteen years of age or older who, because of mental, developmental, or physical impairment, is unable to:

(1)   Communicate or make responsible decisions to manage the person's own care or resources;

(2)   Carry out or arrange for essential activities of daily living; or

(3)   Protect oneself from abuse, as defined in this part.

reason of the facts stated in the letter from [George Powell, M.D.], dated January 13, 2010."

The February Report prepared by DHS provided:

> G.    Reason Person is Vulnerable:
>
> [Client A] has been diagnosed with an inoperable brain tumor and is dependant on others for all of her personal needs, care and protection. [Client A] is presently placed out of the home voluntarily due to allegations of physical abuse allegedly perpetrated by [Carroll] and teenage son.
>
> H.    Person has been abused as follows:
>
> [Client A] reports being consistently hit on the bottoms of her feet by [Carroll] and states that this is done as no bruises will show.  [Client A] further reports that [Carroll] slaps, punches and chokes her and if she is standing he will grab her very roughly by the shoulders and throw her on to the bed.  This type of behavior has allegedly been witnessed by [Client A's] in home service provider. [Client A] further states that she is very frightened of [Carroll] and her son who has also reportedly choked her and allegedly informed her that he wishes she would die and that she was dead.
>
> I.    Person is subject to the following imminent abuse:
>
> At this time [Client A] is in a safe environment; however if returned to the home she states that she will continue to be abused both physically and psychologically. [Client A] states that she is very fearful of [Carroll] and states that she does not want to return home. . . .  At this time [Client A] is again wanting to return to the family home which places her at risk for further harm. On 2/28/11 [Client A] was admitted to . . . Maui Memorial Hospital and remains there at this time.

DHS filed a Petition for Protection on March 9, 2011 and a Petition for Appointment of a Guardian of an Incapacitated Person on March 17, 2011.  The family court heard the petitions on April 21, 2011 and May 27, 2011 and denied them both on June 7, 2011.[4]

Regarding the Petition for Protection, the family court found the DHS failed to prove "by a preponderance of the evidence" that Client A "is a vulnerable adult who has incurred abuse or is in danger of abuse if immediate action is not taken[.]"  Regarding the Petition for Guardianship of an Incapacitated Person, the family court found DHS has not proven

---

[4]    The Honorable Michelle L. Drewyer presided.

"by clear and convincing evidence that . . . [Client A], is an incapacitated person[.]"

### 3. Administrative Decision

At the final Appeals Office hearing, held on June 28, 2011, the DHS representative and Carroll informed the hearings officer of the family court's June 7, 2011 denial of DHS' petitions for protection and guardianship. The hearings officer requested the parties submit the referenced family court documents. The Administrative Decision, issued July 12, 2011, concluded the facts the family court considered in the Petition for Protection proceedings "were the same facts presented at this hearing and seemed to involve the same time frame." The Administrative Decision concluded further that the family court's holding that DHS "did not prove by a preponderance of the evidence that [Client A] had incurred abuse requires that the charge of psychological abuse against [Carroll] be dismissed."

### 4. Circuit Court Proceedings and Decision

On August 2, 2011, DHS appealed the Administrative Decision to the circuit court. The circuit court concluded the Administrative Decision was "clearly erroneous because the facts and issues relevant to the June 7, 2011 [family court] order were different from the facts and issues relevant to the instant administrative proceeding." The circuit court concluded collateral estoppel did not apply because the issue presented in the family court proceeding and the Appeals Office proceedings differed: "The instant appeal relates to [the September Report,] a report of psychological abuse . . . . The issue presented in the [family court] proceeding involved [the February Report] of physical abuse that allegedly occurred approximately seventeen months later." Consequently, on March 14, 2013 the circuit court held:

> Although there is merit to both arguments to support either confirmation of psychological abuse of Client A, a vulnerable adult, by [Carroll] or that the hearing officer reached the correct result in dismissing DHS' action, the [circuit court] respectfully disagrees that either position is dispositive in favor of [DHS] or [Carroll].
>
> The record herein supports a determination that Client A was a vulnerable adult on September 10, 2009. However,

dismissal of DHS' determination based on the June 7, 2011 [family court] order was clearly erroneous.

Based on the foregoing, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the July 12, 2011 [Administrative Decision] is reversed. This matter is remanded for further proceedings on the issue of whether the alleged conduct complained of constitutes psychological abuse as defined in the Hawai'i Adult Protective Services Act, to wit, [HRS], § 346-221, et seq.

(Emphasis added.)

## II.  STANDARD OF REVIEW

"On secondary judicial review of an administrative decision, Hawai[']i appellate courts apply the same standard of review as that applied upon primary review by the circuit court." Kaiser Found. Health Plan, Inc. v. Dep't of Labor & Indus. Relations, 70 Haw. 72, 80, 762 P.2d 796, 800-01 (1988). For administrative appeals, the applicable standard of review is set forth in Hawaii Revised Statutes ("HRS") § 91-14 (2004), which provides:

> Upon review of the record the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:
>
> (1)  In violation of constitutional or statutory provisions; or
>
> (2)  In excess of the statutory authority or jurisdiction of the agency; or
>
> (3)  Made upon unlawful procedure; or
>
> (4)  Affected by other error of law; or
>
> (5)  Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
>
> (6)  Arbitrary, capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

HRS § 91-14(g). Pursuant to HRS § 91-14(g)(5), administrative findings of fact are reviewed under the clearly erroneous standard, which requires [the appellate] court to sustain its findings "unless the court is left with a firm and definite conviction that a mistake has been made." Bumanglag v. Oahu Sugar Co., Ltd., 78 Hawai'i 275, 279, 892 P.2d 468, 472 (1995) (block format and citation omitted). Administrative conclusions of law, however, are reviewed under the de novo standard inasmuch as they are "not binding on an appellate court." Id. (block format and citation omitted). "Where both mixed questions of fact and law are presented, deference will be given to the agency's expertise and experience in the particular field and the court should not substitute its own judgment for that of the

agency." <u>Dole Hawaii Div.-Castle & Cooke, Inc. v. Ramil</u>, 71
Haw. 419, 424, 794 P.2d 1115, 1118 (1990). "To be granted
deference, however, the agency's decision must be consistent
with the legislative purpose." <u>Camara v. Agsalud</u>, 67 Haw.
212, 216, 685 P.2d 794, 797 (1984).

<u>Peroutka v. Cronin</u>, 117 Hawai'i 323, 326, 179 P.3d 1050, 1053
(2008).[5]

"Whether a court possesses subject matter jurisdiction
is a question of law reviewable de novo." <u>Kaho'ohanohano v.
Dep't of Human Serv., State of Hawai'i</u>, 117 Hawai'i 262, 281, 178
P.3d 538, 557 (2008) (citation and internal quotation marks
omitted).

## III. DISCUSSION

**The circuit court erred by reversing and remanding the
Administrative Decision because DHS' substantial rights were not
prejudiced.**

To reverse or modify an agency decision under HRS § 91-
14(g), "the appellate court must conclude that an appellant's
substantial rights were prejudiced by the agency." <u>S. Foods
Grp., L.P. v. State, Dep't of Educ.</u>, 89 Hawai'i 443, 453, 974
P.2d 1033, 1043 (1999); <u>see</u> <u>also</u> <u>Nakamine v. Bd. of Trustees,
Employees' Ret. Sys.</u>, 65 Haw. 251, 254, 649 P.2d 1162, 1164
(1982) (vacating the circuit court's reversal of an agency
decision and remanding, because "[W]hat is lacking is any finding
that [claimant's] substantial rights had been prejudiced by the
unlawful procedure."). Cf. Hawai'i Rules of Civil Procedure
Rule 61 ("The court at every stage of the proceeding must
disregard any error or defect in the proceeding which does not
affect the substantial rights of the parties.")

DHS' substantial rights were not prejudiced. By
confirming the September Report of psychological abuse, DHS

_____

[5]     Citing <u>In re Wai'ola O Moloka'i, Inc.</u>, 103 Hawai'i 401, 420, 83
P.3d 664, 683 (2004), Carroll contends our review is "qualified by the
principle that the agency's decision carries a presumption of validity, and
appellant has the heavy burden of making a convincing showing that the
decision is invalid because it is unjust and unreasonable in its
consequences." (Emphasis omitted.) However, "the 'unjust and unreasonable'
language represents one application of the more general abuse of discretion
standard of review; this language does not and will not apply to discretionary
decisions of administrative agencies outside of the [Public Utilities
Commission] ratemaking context." <u>Paul's Elec. Serv., Inc. v. Befitel</u>, 104
Hawai'i 412, 419, 91 P.3d 494, 501 (2004).

determined, through an investigation, that reasonable cause existed to believe that Carroll psychologically abused a vulnerable adult. See HAR § 17-1421-2 (2009). However, HRS § 346-231(a) provides:

> §346-321 Order for immediate protection. (a) If the department believes that a person is a vulnerable adult and it appears probable that the vulnerable adult has incurred abuse or is in danger of abuse if immediate action is not taken and the vulnerable adult consents, or if the vulnerable adult does not consent and there is probable cause to believe that the vulnerable adult lacks the capacity to make decisions concerning the vulnerable adult's person, the department shall seek an order for immediate protection in accordance with this section.

No order for immediate protection appears of record regarding the September Report of psychological abuse, nor does it appear that DHS sought such an order. On the same day DHS confirmed the September Report of psychological abuse, it determined, per HAR § 17-1421-15 (2009),[6] that Client A no longer required protective

---

[6]      HAR § 17-1421-15 provides:

> §17-1421-15 Termination of service. Protective services shall be terminated under one of the following conditions:
>
> (1)  When, after reasonable effort is made by the department to provide protective services, the department determines through personal observation, discussion with the vulnerable adult and available family members, friends, other collaterals or legal guardian that the vulnerable adult does not require or no longer needs protection and is able to manage in an alternate living arrangement or at home, with or without supportive services, without danger;
>
> (2)  When, after reasonable effort is made by the department to provide protective services, the vulnerable adult continues to resist contact with the department, and there are insufficient grounds to pursue legal guardianship;
>
> (3)  The vulnerable adult withdraws consent for the provision of services and there are insufficient grounds to pursue legal guardianship;
>
> (4)  The court dismisses the petition for legal guardianship and the vulnerable adult refuses to accept services from the department;

(continued...)

services. Client A passed away in January 2012, before the circuit court decision was issued,[7] so a protective order can no longer be granted. See generally HRS § 346-231. And, DHS' family court Petition for Protection order did not involve DHS' confirmation of the September Report, as DHS confirmed in circuit court:

> The [FC Order] has no relation to the subject of this appeal and underlying administrative hearing. The issue in this appeal and the underlying administrative hearing [concerns the September Report]. The [FC Order] concerned [the February Report] of physical abuse received 17 months later . . . .
>
> The [September Report] of psychological abuse of [Client A] by [Carroll] is an entirely separate matter and is based on an entirely different set of facts than the [February Report] of physical abuse of [Client A].

(Emphasis omitted.) Assuming the hearings officer erred by relying on the family court decision, we discern no prejudice to the substantial rights of DHS, the appellant before the circuit court. See generally Application of Wind Power Pac. Investors-III, 67 Haw. 342, 343, 686 P.2d 831, 832-33 (1984) ("While the [agency] may not have followed procedural requirements to the letter, we hold that the irregularities complained of do not prejudice the substantial rights of [the appellant].") (citing HRS § 91-14(g) and Survivors of Medeiros v. Maui Land & Pineapple Co., 66 Haw. 290, 299, 660 P.2d 1316, 1319 (1983)). Consequently, the circuit court erred by reversing and remanding the Administrative Decision. We need not address the merits of Carroll's other points on appeal.

---

[6] (...continued)

. . . .

(7)  The vulnerable adult dies.

[7]  We take judicial notice of this fact per Hawaii Rules of Evidence (HRE) Rule 201. See In re ʻIao Ground Water Mgmt. Area High-Level Source Water Use Permit Applications, 128 Hawaiʻi 228, 255, 287 P.3d 129, 156 (2012) ("There is precedent for taking judicial notice of facts as reported by newspapers.") (citing Application of Pioneer Mill Co., 53 Haw. 496, 497 n.1, 497 P.2d 549, 551 n.1 (taking judicial notice that a land court judge had announced his candidacy for public office, based upon newspaper articles submitted by the parties). Attached to Carroll's Opening Brief is Client A's obituary and DHS does not contest the fact of Client A's passing.

### IV.   CONCLUSION

Accordingly, the Judgment entered April 17, 2013 in the Circuit Court of the Second Circuit is reversed.

DATED:   Honolulu, Hawai‘i, September 10, 2014.

On the briefs:

Christopher Carroll,
Appellee-Appellant.

Heidi M. Rian
Candace J. Park
Deputy Attorneys General
for Appellant-Appellee.

Presiding Judge

Associate Judge

I concur with this court's decision to reverse the Judgment.

Associate Judge